Howell, J.
Plaintiff alleges that, in April, 1865, he formed a partnership with defendant, for carrying on the business of sutlers to a United States regiment, by which he was to furnish the capital, defendant the “appointment of sutler” to the regiment, and both were to unite their labor and share equally the' xsroflts and losses ; that he advanced $5,000 in said business ; that, in September, 1865, their partnership was dissolved by the seizure and confiscation of their goods by the commanding officer at the “ post,” and by mutual consent; that, at the time, the assets consisted of $1,415 cash in his hands, $553 in the hands of defendant, a claim of §398 against said commanding officer for his wrongful seizure, and notes and accounts against the members of said regiment, amounting to §2,700; that, at his instance, the defendant, in October, 1865, collected said amount from said officer, and the sum of §135 on said notes and accounts, which the latter took into his possession and refuses to settle for or return, but threatens to collect; that, to defraud plaintiff, the defendant invested said sums thus collected in a grocery store in this city, for his own account; that, upon a settlement of the partnership, defendant will owe him §1,086 in cash, and one-half of the loss of capital; that said groceries really belong to the partnership; that he fears the defendant will dispose of the same, and collect or dispose of said notes and accounts; and prays for a sequestration of said assets, for their proceeds to be paid to him, and for judgment against defendant for $2,500, due on account of said partnership.
He made oath to the truth of the petition ; the grocery store was sequestered, and released on bond given by defendant.
No exception was made to the character of the action ; but a motion was made to sot aside the sequestration, on the grounds that the affidavit was insufficient, and that plaintiff claims no privilege on or ownership of the grocery store ; which rule was dismissed, and a general denial was pleaded'.
We think the lower Court erred in sustaining-the sequestration. The petition does not set forth the conditions for the writ, required by Art. 275 C. P., or any amendment thereof. It shows that the grocery was purchased after the dissolution of the partnership, and .does not allege that defendant claims the exclusive ownership of the notes and accounts in his hands, but that the latter held them for collection, and the fear that he would not pay over.
A sequestration, being a rigorous measure, will be allowed only when the party is clearly entitled to it. 2 A. 961. 9 A. 535.
It seems that the parties carried on the business of sutlers, for a lew months, as partners ; but the evidence does not enable us to declare defendant indebted in any particular sum to plaintiff, as charged in the petition.
The District Judge gave judgment against him for §652 ; composed of §238, acknowledged by him (in a letter) to be in his hands, in August. 1865; §392, collected from the commanding officor, and $16 collectod from other parties.
The letter referred to shows that he had the first item, and proposed dosing- their partnership then, upon condition of retaining said sum as his share, but it seems that they continued their business for a; month *196 longer, and there is nothing to raise the presumption that he retained this particular amount. As to the other two items, the evidence is too vague to authorize a judgment. In answer to interrogatories on facts and articles, defendant declares that he did not collect from said partios enough to pay his expenses. The countervailing evidence is too indefinite of itself to overcome these answers.
We cannot say that the partnership is shown, in this record, to be settled, so as to make defendant a debtor to plaintiff in any amount.
It is therefore ordered that the judgment of the lower Court be reversed, • and that there be judgment against plaintiff, as of nonsuit, with costs in both courts.